ED-7
FILED FOR DOCKETING

04 JAN 16 PM 1:22

CLERK
U.S. DISTRICT COURT

DOCKETED
JAN 2 0 2004

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation, and EXPEDITORS TRADEWIN, L.L.C., a Washington limited liability company, )<br><br>Plaintiffs, )<br><br>v. )<br><br>VASTERA, INC., a Delaware corporation, VASTERA SOLUTION SERVICES CORPORATION, a Delaware corporation, and JENNIFER SHARKEY, an individual, )<br><br>Defendants. ) | Case No. 04C 0321<br><br>JUDGE ZAGEL<br><br>MAGISTRATE JUDGE SCHENKIER<br>Underlying Action Pending In United States District Court For The Eastern District Of Michigan, Docket No. 01-71000 (Borman, J.) |

**DEFENDANT VASTERA'S MOTION TO ENFORCE SUBPOENA DUCES TECUM**
**AGAINST LOUIS G. DUDNEY AND FOR SANCTIONS**

Pursuant to Fed. R. Civ. P. 37 and Fed. R. Civ. P. 45, Defendants Vastera, Inc., Vastera

Solution Services Corp., and Jennifer Sharkey (collectively "Vastera") hereby move this Court

for an order compelling Louis G. Dudney to produce documents in response to Requests Nos. 6

and 7 in the August 27, 2003 subpoena duces tecum Vastera served on Mr. Dudney.[1]

Mr. Dudney made no timely objections to the subpoena, but as explained below, Mr. Dudney

nevertheless has refused to comply fully with his subpoena obligations. Accordingly, Vastera

respectfully requests that the Court compel Mr. Dudney to produce all materials responsive to

Requests Nos. 6 and 7 in Vastera's subpoena without further delay, and order him to pay all

---

[1] For a copy of the subpoena, see Exhibit G to the Declaration of Michael J. Songer In Support of Defendant Vastera's Motion To Enforce Subpoena Duces Tecum Against Louis G. Dudney And For Sanctions, which Vastera is filing contemporaneously with the instant motion. All of the exhibits cited herein similarly are attached to and authenticated in the Songer Declaration.

Vastera's expenses, including the attorneys' fees and costs, associated with the preparation and filing of this motion. *See* Fed. R. Civ. P. 37(a)(1) & 37(a)(4)(A) (authorizing court to award prevailing party's expenses and fees). A proposed order is attached.

## SUMMARY OF ARGUMENT

Vastera served the subject subpoena on Mr. Dudney in connection with a trade secret misappropriation action filed against Vastera in the United States District Court for the Eastern District of Michigan (Borman, J.) by Expeditors International of Washington, Inc. and Expeditors Tradewin, LLC (collectively, "EI") in March 2001.[2] EI designated Mr. Dudney, a CPA and principal of AlixPartners, LLC, to testify as a damages expert on behalf of EI. In his Rule 26 report, Mr. Dudney disclosed that he has testified frequently as an expert witness in numerous other trade secret and patent litigations in previous years.

In light of Mr. Dudney's pertinent IP litigation experience, Vastera promptly wrote a letter in May 2003 requesting, *inter alia*, that Mr. Dudney produce on a voluntary basis copies of his recent testimony and damages reports in other trade secret and patent litigations (trade secret damages principles draw heavily from the patent law). As Vastera explained, discovery regarding the testimony and opinions Mr. Dudney has provided, and the damages theories and methodologies he has adopted, in his prior trade secret and patent cases is needed to properly determine the admissibility as well as the weight (if any) that should be given to the views Mr. Dudney has expressed about the extent of Vastera's *alleged* liability. Neither EI nor Mr. Dudney ever has disputed that his reports and testimony in other intellectual property lawsuits bear on the overall credibility of his opinions regarding Vastera.

---

[2] Because Mr. Dudney is based in Chicago, the subpoena properly issued from this Court under the signature of Vastera's counsel. *See* Fed. R. Civ. P. 45(a)(2) & (3).

Nevertheless, Mr. Dudney was unwilling to make a firm commitment to produce these materials on a voluntary basis, requiring Vastera to proceed by subpoena. Vastera initially was informed that Mr. Dudney might not have kept copies of his prior testimony and reports, but his counsel – Sheldon S. Toll of Southfield, Michigan – later represented that Mr. Dudney turned over copies of materials from four trade secret and patent matters to EI's counsel – Gary W. Faria of Troy, Michigan – before the September 15, 2003 response date of the subpoena. Mr. Dudney's counsel has acknowledged, however, that a timely production *was not* made.

During the past four months, Vastera repeatedly has conferred in good faith with his counsel in an effort to encourage Mr. Dudney to comply with his subpoena obligations without a court order, *see* Fed. R. Civ. P. 37(a)(2)(B), but those efforts have proved to be fruitless. Mr. Dudney steadfastly has refused to produce the materials *even though he failed to lodge timely objections to the requests*.

As elaborated further below, Mr. Dudney has absolutely no basis to withhold copies of his prior reports and testimony in other trade secret and patent matters. By failing to object, Mr. Dudney waived any objections to Vastera's requests. But even assuming *arguendo* that there was no waiver, the Court still should compel production of the materials because Vastera's efforts to conduct an effective cross-examination of Mr. Dudney, develop meaningful rebuttal testimony, and otherwise prepare adequately for trial would be unfairly prejudiced without access to his prior testimony and reports (particularly *defense* reports that would undermine the opinions he has expressed on behalf of the plaintiff, EI, in this matter). Accordingly, Vastera respectfully requests that the Court grant its motion in all respects.

3

## I.  INTRODUCTION

In March 2001, as noted above, EI filed a trade secret misappropriation action against Vastera in the United States District Court for the Eastern District of Michigan (the "underlying action"). Mr. Dudney is EI's designated testifying expert on damages issues in the underlying action, and as explained below, Vastera served the subject subpoena on Mr. Dudney to obtain information bearing directly on the purported legal and factual bases, methodology, and credibility of his opinions regarding EI's alleged damages.

On May 2, 2003, Mr. Dudney signed a Rule 26 report rendering his opinion that EI has "suffered" more than $20 million in damages as a result of Vastera's alleged misappropriation of trade secrets. To buttress his damages opinion against Vastera, Mr. Dudney touted his qualifications and professional experience in various types of litigation, including intellectual property litigation. Indeed, Mr. Dudney dedicated more than two pages of his *curriculum vitae* to a discussion of "selected intellectual property engagements." *See* Exhibit A at 1-3. As required by Fed. R. Civ. P. 26(a)(2)(B), Mr. Dudney also provided Vastera with a listing of his recent trial and deposition testimony. Exhibit B.[3]

In light of Mr. Dudney's claimed intellectual property experience, Vastera promptly requested in a letter dated May 15, 2003 the production of Mr. Dudney's prior testimony and

---

[3]  Mr. Dudney initially asserted in October 2003 that his work in the following matters is implicated by Vastera's two Requests: *SRAM Corp. v. AD-II Engineering, Inc.*, United States District Court for the Northern District of Illinois; *John W. Evans v. General Motors Corp.*, Superior Court, Judicial District of Waterbury, Connecticut; *S.C. Johnson & Son, Inc. v. Pliant Corp.*, United States District Court for the Eastern District of Michigan; and *KHR, Ltd., d/b/a Omaha Vaccine Co. v. Kennel Vaccine Vet Supply Co., d/b/a KV Vet Supply Co.*, District Court of Douglas County, Nebraska. Songer Declaration at ¶ 10. However, Vastera later learned that Mr. Dudney had *omitted* several of his trade secret misappropriation matters. *See* Songer Declaration at ¶¶ 11-12; *see, e.g.*, Exhibit C; *Whiteside Biomechanics, Inc. v. Sofamor Danek Group, Inc.*, 88 F.Supp.2d 1009, 1019-1020 (E.D. Mo. 2000). On December 18, 2003, Mr. Dudney's counsel confirmed that Mr. Dudney had neglected to disclose his work on several other relevant matters, including the *Whiteside* matter.

reports in trade secret and patent infringement litigations. Exhibit D. (Vastera also tried to obtain copies of Mr. Dudney's testimony and reports in intellectual property cases through public sources, but was unable to secure copies of the materials. *See* Songer Declaration at ¶ 14).[4] After some delay by EI and Mr. Dudney, it became clear that a voluntary production of these materials would not be forthcoming and thus Vastera served Mr. Dudney with a subpoena duces tecum on August 27, 2003. Exhibit G.

In addition to several other requests not at issue here, Vastera's subpoena included the following two straightforward requests that are the subject of this motion:

> 6. All transcripts of the deposition testimony, trial testimony, and/or expert reports of Louis G. Dudney, in any matter involving allegations of trade secret misappropriation during the past ten years.

> 7. All transcripts of the deposition testimony, trial testimony, and/or expert reports of Louis G. Dudney, in any matter involving allegations of patent infringement during the past five years.

Exhibit G at 4. The subpoena directed Mr. Dudney to produce the requested materials by **September 15, 2003.** *Id.* at 1-2. He made no production by that response date.

---

[4] As a designated expert, Mr. Dudney agreed to abide by the protective order entered by the United States District Court for the Eastern District of Michigan in the underlying litigation, which by its terms covers responses to subpoenas duces tecum. *See* Exhibit E at 1. Vastera's counsel advised Mr. Dudney that he could designate as confidential any materials he produced pursuant to Vastera's subpoena under the protective order. Moreover, Vastera's counsel made it clear that Vastera was not interested in using any confidential business information that might be contained in Mr. Dudney's prior reports and testimony, and that Vastera's counsel was willing to review redacted materials and then consider whether there was a need for further information from Mr. Dudney. For months, Mr. Dudney's counsel rejected all of Vastera's reasonable offers, asserting that "it is not feasible" to redact portions of the reports, and thus Mr. Dudney, as of November 2003, produced nothing in response to Request Nos. 6 and 7. *See* Exhibit F. Just as Vastera was prepared to file a motion to enforce the subpoena, Mr. Dudney changed his position and made an incomplete production of redacted *plaintiff* reports from selected prior matters. In short, he has refused to provide Vastera with the most relevant and most important materials covered by the subpoena.

Mr. Dudney simply ignored this Court's command to produce the documents as well as the deadline set forth in subpoena. Not only did he refuse to provide Vastera with copies of his prior expert reports and testimony in timely fashion, Mr. Dudney *failed to object* to the requests "within 14 days of service" of the subpoena, as required by Fed. R. Civ. P. 45(c)(2)(B), thereby waiving any objections he otherwise might have asserted in connection with Vastera's requests.

After the deadline for objections as well as the deadline for production had passed, Vastera requested by letter dated September 18, 2003 that Mr. Dudney immediately comply with the subpoena (noting, in particular, that Mr. Dudney would have no basis to withhold prior reports and testimony in light of his failure to lodge a timely objection to the requests). Exhibit H. It then was suggested that Mr. Dudney would produce at least some responsive materials, but despite Vastera's additional follow up efforts (including letters dated October 3, 2003 and October 10, 2003), Mr. Dudney produced no prior reports or testimony. *See* Exhibits I & J.

On October 20, 2003, Mr. Dudney's counsel, Sheldon S. Toll of Southfield, Michigan, finally represented that Mr. Dudney might be willing to produce his prior expert reports and testimony without a motion to compel. Exhibit K at 1 (memorializing conversation). Mr. Toll requested an additional ten days for Mr. Dudney to contact the clients. *Id.; see also* Exhibit L at 2 (10/21/03 email from Mr. Toll proposing "October 31, 2003" as a "reasonable" deadline). Yet, ten more days passed and Vastera again received **no response** from Mr. Toll or Mr. Dudney (in violation of their own deadline).

Thus, on November 7, 2003, Vastera again inquired why Mr. Dudney had not produced his prior reports and testimony, as required by the subpoena, and advised Mr. Dudney's counsel that further delays would not be acceptable. *See* Exhibit L at 1 (11/07/03 email from Mr. Ruggiero to Mr. Toll). In response, Mr. Dudney again requested additional time, and against

better judgment, Vastera's counsel reluctantly agreed to give Mr. Dudney yet another week to comply with the subpoena. Exhibit M. But another week came and went and Mr. Dudney's pattern of non-compliance continued.

After receiving no response from Mr. Dudney for *more than two* additional weeks, Vastera followed up with another letter on November 20, 2003 advising that Vastera would have no choice but to proceed with a motion to compel and for sanctions should Mr. Dudney refuse provide concrete assurances that he would produce the requested materials. Exhibit N. Mr. Dudney 's counsel replied by email on the same day, confirming that Mr. Dudney had provided his prior reports and testimony to EI's counsel, Gary W. Faria of Troy, Michigan, *prior to* the September 15 response date of the subpoena and further represented that "**Mr. Faria acknowledges that that he did not make a timely production.**" Exhibit F (emphasis added). Even so, Mr. Dudney continued to refuse to produce the materials required by the subpoena *even though he knew that he had failed to lodge timely objections to the requests.* As it was clear that Mr. Dudney would not comply with the subpoena without a court order, Vastera notified Mr. Toll that it would file the instant motion in due course and also would ask the Court to order Mr. Dudney to pay all expenses associated with the motion should Vastera prevail. Exhibit O.

## II.  MR. DUDNEY WAIVED ALL OBJECTIONS TO THE SUBPOENA BY FAILING TO OBJECT WITHIN 14 DAYS OF SERVICE AND THUS HE HAS NO BASIS TO REFUSE TO PRODUCE THE REQUESTED MATERIALS

To preserve any objection to a request for the production of documents in a subpoena, Rule 45 requires that the person commanded to produce (*i.e.*, Mr. Dudney) must serve written objections on the party or attorney designated in the subpoena "within 14 days after service of subpoena." Fed. R. Civ. P. 45(c)(2)(B). As this Court and many other federal courts across the nation have recognized, the failure to assert written objections *within 14 days* results in waiver;

*belated* objections cannot serve as a proper basis for withholding the documents requested by the subpoena. *Brogren v. Pohlad*, 1994 WL 654917 at *1 (N.D. Ill. Nov. 14, 1994) (holding that the failure to assert timely objections to a subpoena constituted a waiver of all objections) (citing *Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990)), Exhibit P; *see also Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 412 (S.D.N.Y. 2000) (finding waiver where overbreadth objection had not been asserted within 14 days); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) (strictly enforcing the 14 day deadline in Rule 45(c)(2)(B)).

In this case, Vastera served Mr. Dudney with a subpoena on August 27, 2003. According to Rule 45(c)(2)(B), Mr. Dudney therefore was required to assert any objections to the requests set forth in the subpoena within 14 days, or no later than September 11, 2003. However, Mr. Dudney asserted *no objections* by that deadline and thus waived any objection to the requests set forth in the subpoena, *see Brogren*, 1994 WL 654917 at *1; *Creative Gifts*, 183 F.R.D. at 570.[5] The Court should order a complete production by Mr. Dudney on this basis alone.

## III.   EVEN IF MR. DUDNEY DID NOT WAIVE HIS OBJECTIONS, HIS PRIOR REPORTS AND TESTIMONY CLEARLY ARE DISCOVERABLE AND HE SHOULD BE COMPELLED TO PRODUCE THEM TO VASTERA

As noted above, EI has sued Vastera in the United States District Court for the Eastern District of Michigan for trade secret misappropriation, and based on the damages opinion proffered by Mr. Dudney, EI claims more than $20 million in damages. To defend against these

---

[5] On September 18, 2003, Vastera informed Mr. Dudney that his failure to timely object to the subpoena constituted waiver of any objections and demanded immediate production of responsive documents. Exhibit H. Despite Vastera's continued efforts to persuade Mr. Dudney to comply with the subpoena in September and early October, he refused. In blatant violation of Rule 45(c)(2)(B), Mr. Dudney (through counsel) attempted to assert a "limited objection" to the subpoena on October 10, 2003 – which, of course, was *one full month too late* and cannot excuse his failure to produce his prior testimony and reports.

claims, it is beyond question that Vastera is entitled to explore the purported factual and legal bases of Mr. Dudney's damages opinions as well as potential inconsistencies between the views he intends to express in the underlying case and the testimony and opinions Mr. Dudney has given, and the damages theories and methodologies he has adopted, in his prior trade secret and patent cases. *See* Fed. R. Civ. P. 26(b)(1) (authorizing parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."); *Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneeficiencia De Puerto Rico*, 248 F.3d. 29, 34-35 (1st Cir. 2001) (holding that an expert's credibility and qualifications, including prior testimonial experience in cases involving similar claims, was "directly at issue" and affirming the preclusion of the expert's testimony for failing to make a timely disclosure of the cases in which the expert previously had testified). The scope of permissible discovery under the Federal Rules of Civil Procedure is very broad, and the two document requests set forth in Vastera's subpoena fall comfortably within the bounds of permissible discovery.

The mandatory disclosure requirements with respect to testifying experts, such as Mr. Dudney, implemented in the 1993 Amendments to Fed. R. Civ. P. 26 further demonstrate, as a matter of fundamental fairness, that Mr. Dudney should be compelled to produce copies of his prior testimony and reports. *See Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) (ruling that expert reports must be "detailed and complete" so that the opposing party is not faced with an "ambush" at trial); *Ortiz-Lopez*, 248 F.3d at 35 (noting that trials in federal court should be a "fair contest" and not a game of "blindman's buff"). In the words of this Court, "[a]nyone who has any familiarity with the 1993 Rule amendment, including familiarity with the Notes of the Advisory Committee on Rules, is well aware that its requirements were geared to provide the opposing party with a 'reasonable opportunity to prepare for effective cross

examination" (Committee Notes) and, in accordance with the Rules' fundamental principle of

eliminating any vestiges of the 'sporting' or 'fox-hunt' theory of litigation, to provide the

opposing party with a comparable opportunity to prepare for examination of the experts via

depositions in advance of trial." *Aircraft Gear Corp. v. Kaman Aerospace Corp.*, 1995 WL

571431 at * 1 (N.D. Ill. Sept. 25, 1995) (Shadur, J.), Exhibit Q.

By its express terms, Rule 26 now *requires* that an expert report contain a complete

listing of any other cases in which the witness has testified as an expert at trial or by deposition

within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B); *Ortiz-Lopez*, 248 F.3d at 35. It

would make *no sense* to require experts to list prior deposition and trial testimony unless the

opposing party was expected and entitled to seek copies of the expert's prior testimony through

traditional discovery methods, such as the subpoena duces tecum Vastera served on Mr. Dudney.

Indeed, the Advisory Committee notes are unmistakably clear in authorizing the pursuit of an

expert's prior testimony **even beyond the four-year period** for which a listing is required:

> The enumeration in Rule 26(a) of items to be disclosed does not prevent a
> court from requiring by order or local rule that the parties disclose
> additional information without a discovery request. *Nor are parties*
> *precluded from using traditional discovery methods to obtain further*
> *information regarding these matters, as for example asking an expert*
> *during a deposition about testimony given in other litigation beyond the*
> *four-year period specified in Rule 26(a)(2)(B).*

Advisory Comm. Notes for 1993 Amendments to Fed. R. Civ. P. 26(a) (emphasis added); *see*

*also, e.g., Western Resources, Inc. v. Union Pac. Railroad Co.*, 2002 WL 1822428 at *3 (D. Kan.

July 23, 2002) (ordering testifying expert to produce prior testimony from other litigations,

administrative proceedings, and arbitrations that related to the subject matter of his opinions in

the underlying action, as well as documents considered in forming those prior opinions),

Exhibit R; *Ladd Furniture, Inc. v. Ernst & Young*, 1998 WL 1093901 at *10-11 (M.D. N.C. Aug.

10

27, 1998) (compelling production of prior expert reports and prior deposition and trial testimony

dating back six years), Exhibit S. As Rule 26 and these authorities amply establish, Vastera's

requests for copies of the transcripts of Mr. Dudney's deposition testimony, trial testimony, and

expert reports in trade secret matters during the past ten years and patent matters during the past

five years are entirely reasonable.[6]

Whereas Vastera has a compelling need for the requested information, Mr. Dudney has

advanced no legitimate reason why he should be allowed to withhold copies of his prior reports

and testimony. First, as noted above, he asserted no timely objections to the subpoena and

therefore should be precluded from resisting production of those materials. *See supra* at 7-8.

Second, even if the Court considers Mr. Dudney's sole "limited objection" (*see* supra n.5)

– which was asserted *one month too late* according to Rule 45(c)(2)(B) – the bald assertion that

the responsive materials were subject to protective orders in other cases cannot justify his non-

production.[7] Mr. Dudney is familiar with the protective order entered by the court in Michigan

in the underlying action and he knew that he could have designated his materials as confidential

under that order. To the extent that Mr. Dudney believed that the protective order for some

reason offered inadequate protection with regard to Vastera – an assertion he never has made –

Mr. Dudney should have moved this Court for additional protection pursuant to Rule 26(c) long

---

[6] Mr. Dudney's work in the *Whiteside Biomechanics, Inc. v. Sofamor Danek Group, Inc.*, 88
F.Supp.2d 1009, 1019-1020 (E.D. Mo. 2000) (discussing "head start" principle of trade secret
damages and generally describing the testimony of the defendants' damages expert), was one of
the reasons why Vastera sought discovery beyond the four-year period mandated by Rule 26.
*See supra* at p. 4. As noted above, that case is *conspicuously* absent from the list of matters that
Mr. Dudney initially claimed were covered by Vastera's subpoena. *See* Songer Declaration at ¶¶
11-12.

[7] Not even the "limited objection" that Mr. Dudney attempted to make long after the applicable
deadline had passed asserted that Vastera's requests were unreasonable or overbroad in any
respect.

ago. Also, Mr. Dudney admittedly has produced copies of the requested materials to *EI's counsel*, who is no more entitled to review Mr. Dudney's materials from other litigations (assuming any prohibitions actually exist) than Vastera's counsel. Thus, Mr. Dudney's confidentiality assertions reflect little more than gamesmanship and a desire to prevent Vastera from confronting him with his prior reports and testimony.[8]

Mr. Dudney's actions are contrary to the well-settled principle of law that protective orders should not be used as shields to resist the production of relevant information even when the information is considered to be confidential. *See Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 859-60 (7th Cir. 1994) (holding that a stipulated protective order could not shield highly relevant deposition testimony from discovery). There is a strong presumption that pretrial discovery must take place in public, and it is *Mr. Dudney's burden* to prove with *specific* evidence that his prior reports and testimony should be afforded some protection when he produces them, *id.; see also Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341-42 (N.D.Ill. 1998) (noting that protective orders are designed to *encourage* apprehensive litigants *to produce* responsive materials and should not be used as an excuse *to avoid* discovery).[9] Mr. Dudney's conclusory and unsupported assertions are insufficient under the case law for the Court to treat

---

[8] Mr. Dudney has not produced copies of the protective orders in his previous cases to Vastera for examination, nor explained, let alone established, why it is impossible for Mr. Dudney to produce at least some portions of the requested materials under those orders. Indeed, just as Vastera was prepared to file this motion, Mr. Dudney, in fact, produced redacted materials from *selected* prior matters. *See* Exhibit U. However, Mr. Dudney has continued to refuse to produce materials from the most pertinent cases and has produced none of his *defense* reports.

[9] Vastera is a worldwide leader in providing global trade and customs management solutions and related software, *see* www.vastera.com, and the alleged trade secrets at issue in the underlying lawsuit involve trade and customs management processes. Mr. Dudney never has claimed that any of his previous engagements have involved customs-related issues or so much as suggested that there would be any competitive harm if Vastera received his prior reports and testimony subject to the protective order in the underlying case.

his prior reports and testimony as confidential, but even if the Court finds that some protection from further dissemination of those materials is warranted, the fact remains that Mr. Dudney's assertions of confidentiality simply cannot serve as a proper basis to *completely deprive* Vastera of this important discovery. *See Western Resources*, 2002 WL 1822428 at *3 (granting motion to compel and rejecting expert's similar argument that protective orders in prior proceedings justified non-production of expert's prior testimony).[10]

In sum, the need for full and effective cross-examination of Mr. Dudney's opinions is particularly acute here because expert evidence can be "both powerful and quite misleading" to the juries that are charged with the responsibility of evaluating it. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993); *see also Construction Industry Services Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 51 (E.D. N.Y. 2001) (emphasizing the importance of effective cross-examination in a case involving damages expert). It is fundamentally unfair for Mr. Dudney to tout his qualifications and experience in determining intellectual property damages and then refuse to produce copies of his expert reports and testimony in previous trade secret and patent matters. *See Ortiz-Lopez*, 248 F.3d. at 34- 35 (precluding expert testimony where expert sought to rely on his "extensive experience" to buttress his own opinions but denied the opposing party the opportunity to depose him regarding his prior testimony in other matters).

---

[10] Mr. Dudney's counsel recently suggested that Mr. Dudney prepared one of the trade secret damages reports when he worked for a different firm. *See* Exhibit V. However, Mr. Dudney has not demonstrated why this should be an excuse for his non-production, and he has not even asserted that it would be difficult for him to obtain that report (if he were to request it from counsel).

## IV. THE COURT SHOULD ORDER MR. DUDNEY TO PAY THE EXPENSES VASTERA HAS INCURRED IN CONNECTION WITH THIS MOTION

As the Seventh Circuit has held, Rule 37(a)(4) "presumptively requires" every loser to pay the attorney fees and costs that the prevailing party incurred in connection with a motion to compel. *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994) (noting that fee shifting encourages voluntary resolution of discovery disputes). In this case, it is completely appropriate for the Court to order Mr. Dudney to reimburse Vastera for its fees and costs. He ignored the response date of the subpoena and failed to make timely objections to the requests, yet still refused to produce copies of his prior reports and testimony. *See Sparks Tune-Up Centers, Inc. v. Strong*, 1994 WL 87458 at *3 (N.D. Ill. March 16, 1994) (granting motion for sanctions where party should have lodged objections or sought a protective order, but instead let deadlines pass), Exhibit T. By requiring Vastera to file a motion to compel in order to obtain materials that he should have produced voluntarily, Mr. Dudney engaged in sanctionable conduct under Rule 37(a)(4). *Illinois Tool Works, Inc. Metro Mark Products, Ltd.*, 43 F.Supp.2d 951, 960 (N.D. Ill. 1999). Thus, Vastera respectfully requests that the Court order Mr. Dudney to pay $ 17,992, which represent only a portion of the attorneys' fees, expenses, and costs associated with the preparation and filing of this motion. Songer Declaration at ¶¶ 35-36. To the extent that Mr. Dudney opposes this motion, Vastera will continue to incur fees, expenses, and costs and also requests that this Court order him to pay those additional amounts, which presently cannot be determined.

## V. CONCLUSION

For the foregoing reasons, the Court should compel Mr. Dudney to produce the prior deposition and trial testimony and expert reports that Vastera has requested – including the testimony and reports from the four matters he identified, the *Whiteside Biomechanics* case Mr. Dudney omitted from his list, and any other matters he may have incorrectly or inadvertently failed to identify – without further delay. In addition, the Court should require that Mr. Dudney

reimburse Vastera for the expenses, attorneys' fees, and costs that Vastera has incurred in the
preparation and filing of this motion.

Dated: January 16, 2004

           ARNOLD & PORTER

           By: _____

             Ali Sharifahmadian (Illinois Bar No. 6238075)
             Arnold & Porter
             555 Twelfth Street, NW
             Washington, D.C. 20004
             (202) 942-5000

           Attorneys for VASTERA, INC., VASTERA
           SOLUTION SERVICES CORPORATION, and
           JENNIFER SHARKEY

OF COUNSEL:

Michael J. Songer
Michael C. Augustini
Arnold & Porter
555 Twelfth Street, NW
Washington, D.C. 20004
(202) 942-5000

Paul D. Cranley
Wildman Harrold
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606-1229
(312) 201-2874

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Defendant

Vastera's Motion To Enforce Subpoena Duces Tecum Against Louis G. Dudney And For

Sanctions, and the Declaration of Michael J. Songer, were duly served, via facsimile (at

the numbers below) and Federal Express overnight delivery, postage prepaid, upon the

following persons, on this 16th day of January, 2004.

Sheldon S. Toll, Esq.
Sheldon S. Toll PLLC
2000 Town Center, Suite 2550
Southfield, MI 48075
Phone: (248) 358-2460
Fax: (248) 358-2740

Gary W. Faria, Esq.
Ufer & Spaniola, PC
5440 Corporate Drive
Suite 250
Troy, Michigan 48098
Phone: (248) 641-7000
Fax: (248) 641-5120

**Counsel for Louis G. Dudney**

**Counsel for Plaintiffs Expeditors
International of Washington, Inc.
and Expeditors Tradewin, L.L.C.**

Ali Sharifahmadian

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC., a Washington
corporation, and EXPEDITORS
TRADEWIN, L.L.C., a Washington limited
liability company,

        Plaintiffs,

       v.

VASTERA, INC., a Delaware corporation,
VASTERA SOLUTION SERVICES
CORPORATION, a Delaware corporation,
and JENNIFER SHARKEY, an individual,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

Underlying Action Pending In
United States District Court
For The Eastern District Of
Michigan, Docket No. 01-71000
(Borman, J.)

## [PROPOSED] ORDER

Defendant Vastera's Motion To Enforce Subpoena Duces Tecum Against
Louis G. Dudney And For Sanctions, and the arguments in opposition thereto,
having been fully considered,

IT IS HEREBY ORDERED THAT Vastera's motion is GRANTED. The Court
orders Mr. Dudney to produce to Vastera within five (5) days from the date of this Order
copies of all of his prior expert reports and deposition and trial testimony in any matter
involving allegations of trade secret misappropriation during the past ten (10) years and
copies of all of his prior expert reports and deposition and trial testimony in any matter
involving allegations of patent infringement during the past five (5) years.

To the extent that Mr. Dudney has good cause to believe that any of the materials
(or portions thereof) he has been ordered to produce should be treated as confidential
under the terms of the protective order entered in the action pending in the United States

District Court for the Eastern District of Michigan, Docket No. 01-71000 (Borman, J.), he may make such appropriate designations according to the terms of that protective order.

Finally, the Court finds that Mr. Dudney's refusal to produce materials in response to Vastera's subpoena duces tecum was not substantially justified and thus orders that Mr. Dudney, within five (5) days from the date of this Order, shall reimburse Vastera for the fees and costs associated with the preparation and filing of the instant motion in the amount of $_____.


Dated:_____                    _____

                                     UNITED STATES DISTRICT JUDGE



#5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet Input Form

**DOCKETED**
JAN 20 2004

This form has been approved for use by the general public for generating the civil cover sheet for filing new cases in the Northern District of Illinois. Your comments about the form and suggestions for improvements are always greatly appreciated.

## 04C 0321

### JUDGE ZAGEL

This automated JS-44 conforms generally to manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois. (Instructions)

### MAGISTRATE JUDGE SCHENKIER

| I (a) - PLAINTIFFS | DEFENDANTS |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation, and EXPEDITORS TRADEWIN, L.L.C., a Washington limited liability company | VASTERA, INC., a Delaware corporation, VASTERA SOLUTION SERVICES CORPORATION, a Delaware corporation, and JENNIFER SHARKEY, an individual |

| b) - County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases) | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only) |
|---|---|
| | |

| Plaintiff's Attorney | Defendant's Attorney (If known) |
|---|---|
| Name: Gary W. Faria, Esq. <br> Firm: (See attached sheet) <br> Address: <br> Phone: | Name: Ali Sharifahmadian <br> Firm: (See attached sheet) <br> Address: <br> Phone: |

**II. Basis of Jurisdiction**
(Select from drop menu below)
3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity cases only)
*PLAINTIFF*
2 Citizen of Another State
*DEFENDANT*
2 Citizen of Another State

**IV. Origin**
(Select from drop menu below)
1. Original Proceeding

**V. Nature of Suit** (Select one box)

| Contract | Torts | Other Statutes |
|---|---|---|
| 110 Insurance | | 400 State Reapportionment |
| 120 Marine | **Personal Injury** | 410 Antitrust |
| 130 Miller Act | 310 Airplane | 430 Banks & Banking |
| 140 Negotiable Instrument | 315 Airplane Product Liability | 450 Commerce/ICC Rates/ etc |
| | **Personal Injury** | |
| | 362 Med. Malpractice | |
| | 365 Personal Injury - Product | |

http://www.ilnd.uscourts.gov/PUBLIC/Forms/cvcover.htm

12/18/2003

1-2

**Continuation of Civil Cover Sheet Input Form**　　　　**Page 3**

| **Plaintiff Expeditors' Attorney** | **Louis Dudney's Attorney** | **Defendant's Attorney** |
|---|---|---|
| Gary W. Faria, Esq. | Sheldon S. Toll, Esq. | Ali Sharifahmadian, Esq. |
| Ufer & Spaniola, PC | Sheldon S. Toll PLLC | Arnold & Porter |
| 5440 Corporate Drive | 2000 Town Center, Suite 2550 | 555 Twelfth, Street, N.W. |
| Suite 250 | Southfield, MI 48075 | Washington, D.C. 20004 |
| Troy, Michigan 48098 | 248-358-2460 | 202-942-5000 |
| 248-641-7000 | | |

## VI.　Cause of Action:

Plaintiff Expeditors filed the underlying action against Defendant Vastera pursuant to 28 U.S.C. § 1332 (diversity) in the United States District Court for the Eastern District of Michigan. Vastera is opening this matter as a miscellaneous administrative request to enforce a subpoena duces tecum against Louis G. Dudney, an expert witness retained by Expeditors in connection with the underlying action.

**DOCKETED**
JAN 2 0 2004

ED-7
FILED FOR DOCKETING

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

In the Matter of    04 JAN 16 PM 1:20    **EASTERN DIVISION**

04C 0321

CLERK

EXPEDITORS INTERNATIONAL OF WASHINGTON,
INC., et al.    U.S. DISTRICT COURT
v.
VASTERA, INC., et al.

JUDGE ZAGEL

Case Number:_____ ; Docket No.
01-71000 in the United States
District Court for the Eastern
District of Michigan

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Vastera, Inc.; Vastera Solution Services Corporation; and Jennifer Sharkey (Defendants)

MAGISTRATE JUDGE SCHENKIER

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Ali Sharifahmadian | NAME Paul D. Cranley |
| FIRM Arnold & Porter | FIRM Wildman Harrold |
| STREET ADDRESS 555 Twelfth Street, N.W. | STREET ADDRESS 225 West Wacker Drive, Suite 3000 |
| CITY/STATE/ZIP Washington, D.C. 20004 | CITY/STATE/ZIP Chicago, Illinois 60606-1229 |
| TELEPHONE NUMBER 202-942-5000    FAX NUMBER 202-942-5999 | TELEPHONE NUMBER 312-201-2874    FAX NUMBER 312-201-2555 |
| E-MAIL ADDRESS ali_sharifahmadian@aporter.com | E-MAIL ADDRESS cranley@wildmanharrold.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC No. 6238075 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?    YES ☐    NO ☑ | MEMBER OF TRIAL BAR?    YES ☒    NO ☐ |
| TRIAL ATTORNEY?    YES ☐    NO ☑ | TRIAL ATTORNEY?    YES ☐    NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?    YES ☑    NO ☐ |
| **(C)** | **(D)** |
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER    FAX NUMBER | TELEPHONE NUMBER    FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?    YES ☐    NO ☐ | MEMBER OF TRIAL BAR?    YES ☐    NO ☐ |
| TRIAL ATTORNEY?    YES ☐    NO ☐ | TRIAL ATTORNEY?    YES ☐    NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?    YES ☐    NO ☐ | DESIGNATED AS LOCAL COUNSEL?    YES ☐    NO ☐ |

1-3

# INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

### 1. General Information

Local Rule 53.17 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

### 2. Listing of Parties for Whom the Attorney is Appearing

The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, *e.g.*, plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, *e.g.*, all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

### 3. Completing Attorney Information

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

### 4. Identification Number

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC). Attorneys who are not members of the Illinois bar should leave this item blank.

### 5. Attorney (A) and Notices

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to Local Rule 83.15 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, *e.g.*, states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the agency, *e.g.*, attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

### 6. Appearances and Trial Bar Membership

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to Local Rule 83.17, must obtain leave of court to file an appearance.

### 7. Designation of Local Counsel

Pursuant to Local Rule 83.15, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her initial notice or pleading, a member of the bar of this Court having an office within this District upon whom service of papers may be made." No attorney having an office in this District may designate more than one attorney as local counsel. No attorney may designate more than one attorney as local counsel. Notices will be mailed by the Clerk's Office to both the attorney shown in box (A) and the attorney designated as local counsel.

### 8. Parties are Required to Consider Alternative Dispute Resolution

Pursuant to 28 U.S.C. §652(a), all litigants in civil cases pending before this Court are directed to consider the use of an alternative dispute resolution process at the earliest appropriate stage of the litigation. Such process may include mediation, early neutral evaluation, minitrial, or arbitration.

### 9. Local Rule 3.2 Requires Notification As To Affiliates

In every action in which an affiliate of a public company is a party, counsel for such party shall file with the Clerk a statement listing each public company of which such party is an affiliate. Where such party is a plaintiff the statement shall be filed with the complaint. Where such party is a defendant the statement shall be filed with the answer or motion in lieu of answer.