

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 321 | DATE | 2/20/2004 |
| CASE TITLE | EXPEDITORS vs. VASTERA, INC., ET AL | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Motion (1-1) to enforce subpoena duces tecum against Louis G. Dudney and for sanctions is granted. Enter Memorandum Opinion and Order.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 26 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| DW | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation, and EXPEDITORS TRADEWIN, L.L.C., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VASTERA, INC., a Delaware corporation, VASTERA SOLUTION SERVICES CORPORATION, a Delaware corporation, and JENNIFER SHARKEY, an individual,<br><br>Defendants. | No. 04 C 0321<br>Judge James B. Zagel<br><br>Underlying Action Pending in<br>United States District Court<br>For the Eastern District of<br>Michigan, Docket No. 01-71000<br>(Borman, J.) |

## MEMORANDUM OPINION AND ORDER

DOCKETED
FEB 2 6 2004

Introduction

In March 2001, Expeditors International of Washington, Inc., *et al.* (collectively "Expeditors") filed a trade secret misappropriation action against Vastera, Inc. *et al.* (collectively "Vastera") in the United States District Court for the Eastern District of Michigan. Louis G. Dudney is Expeditors' designated expert on damages issues in the lawsuit. On May 2, 2003, Dudney signed a Federal Rule of Civil Procedure 26 report rending his opinion that Expeditors has "suffered" more than $20 million in damages as a result of Vastera's alleged misappropriation of trade secrets. To buttress his damages opinion against Vastera, Dudney touted his qualifications and professional experience in various types of litigation, including intellectual property litigation. As required by Rule 26(a)(2)(B), Dudney also provided Vastera with a listing of his recent trial and deposition testimony.

In light of Dudney's claimed intellectual property experience, Vastera promptly requested in a letter dated May 15, 2003, the production of Dudney's prior testimony and reports in trade secret and patent infringement litigations. When Dudney did not produce the requested materials, Vastera served him with a subpoena *duces tecum* on August 27, 2003.[1] In addition to several other requests not at issue here, the subpoena included the following two requests:

> 6. All transcripts of the deposition testimony, trial testimony, and/or expert reports of Louis G. Dudney, in any matter involving allegations of trade secret misappropriation during the past ten years.
>
> 7. All transcripts of the deposition testimony, trial testimony, and/or expert reports of Louis G. Dudney, in any matter involving allegations of patent infringement during the past five years.

The subpoena was issued by the United States District Court for the Northern District of Illinois, Eastern Division, and directed Dudney to produce the requested materials by September 15, 2003.[2] He made no production by that response date.

In the ensuing four months after the subpoena's issue, Vastera made a good faith effort, pursuant to Rule 37(a)(2)(B), to encourage Dudney to comply with the subpoena without a court

---

[1] As a designated expert, Dudney agreed to abide by the protective order entered by the Michigan Court in the underlying litigation, which by its terms covers responses to subpoenas *duces tecum*. Vastera's counsel advised Dudley that he could designate as confidential any materials he produced pursuant to Vastera's subpoena under the protective order. Moreover, Vastera's counsel made it clear that Vastera was not interested in using any confidential business information that might be contained in Dudney's prior reports and testimony, and that Vastera's counsel was willing to review redacted materials and then consider whether there was a need for further information from Dudney. For months, Dudney's counsel rejected Vastera's offers, asserting that "it was not feasible" to redact portions of the reports, and thus Dudney, as of November 2003, produced nothing in response to Requests No. 6 and 7. Shortly before Vastera filed the instant motion to enforce the subpoena, Dudney made an incomplete production of redacted *plaintiff* reports from selected prior matters.

[2] Because Dudney is based in Chicago, the subpoena properly issued from this Court under the signature of Vastera's counsel. *See* Fed.R.Civ.P. 45(a)(2) & (3).

order. After the deadline for objections as well as the deadline for production had passed, Vastera requested by letter dated September 18, 2003 that Dudney immediately comply with the subpoena. It was then suggested that Dudney would produce at least some responsive materials, but despite Vastera's additional follow up efforts, Dudney produced no prior reports or testimony.

On October 20, 2003, Dudney's counsel represented that Dudney might be willing to produce his prior expert reports and testimony without a motion to compel, and so the attorney requested an additional ten days for Dudney to contact the clients. Yet ten more days passed, and Vastera again received no response from either Dudney or his counsel.

On November 7, 2003, Vastera again inquired why Dudney had not produced his prior reports and testimony, as required by subpoena, and advised Dudney's counsel that further delays would not be acceptable. In response, Dudney again requested additional time, and Vastera agreed to give Dudney another week to comply with the subpoena. But another week came and went, and Dudney did not comply.

Vastera followed up with another letter on November 20, 2003 advising that it would have no choice but to proceed with a motion to compel and for sanctions should Dudney refuse to provide concrete assurances that he would produce the requested materials. Dudney's counsel replied by email on the same day, confirming that Dudney had provided his prior reports and testimony to Expeditors' counsel prior to the September 15 response date of the subpoena and further representing that "[Expeditors' counsel] acknowledges that he did not make a timely production." Nonetheless, Dudney refused to produce the materials requested. Accordingly, Vastera filed the instant motion, pursuant to Rule 37 and Rule 45, to enforce the subpoena *duces*

3

*tecum* against Dudney and to request that Dudney be ordered to pay all expenses associated with the motion should Vastera prevail.

Motion to Enforce Subpoena *Duces Tecum*

As noted above, Expeditors has sued Vastera for trade secret misappropriation, and based on the damages opinion proffered by Dudney, Expeditors claims more than $20 million in damages. To defend against these claims, Vastera is entitled to explore the purported factual and legal bases of Dudney's damages opinions as well as potential inconsistencies between the views he intends to express in the underlying case and the testimony and opinions he has given, and the damages theories and methodologies he had adopted, in his prior trade secret and patent cases. *See* Fed.R.Civ.P. 26(b)(1) (authorizing parties to obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party"); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Muto y Benefiencia de P.R.*, 248 F.3d 29, 34-35 (1st Cir. 2001) (holding that an expert's credibility and qualifications, including prior testimonial experience in cases involving similar claims, was "directly at issue" and affirming the preclusion of expert's testimony for failing to make a timely disclosure of the cases in which the expert previously had testified). Indeed, Rule 26(a)(2)(B) now requires that an expert report contain a complete listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years, and the Advisory Committee notes authorize the pursuit of an expert's prior testimony even beyond the four year period for which a listing is required. Advisory Comm. Notes for 1993 Amendments to Fed.R.Civ.P. 26(a). Accordingly, Vastera's requests for copies of the transcripts of Dudney's deposition testimony, trial testimony, and expert reports in trade secret during the past ten years and patent matters during the past five years are within the

4

bounds of permissible discovery. *See Western Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2002 WL 1822428, at *3 (D. Kan. July 23, 2002) (ordering testifying expert to produce prior testimony from other litigations, administrative proceedings, and arbitrations that related to the subject matter or his opinions in the underlying action, as well as documents considered in forming those prior opinions); *Ladd Furniture, Inc. v. Ernst & Young*, No. 2:95CV00403, 1998 WL 1093901, at *10-11 (M.D.N.C. Aug. 27, 1998) (compelling production of prior expert reports and prior deposition and trial testimony dating back six years).

Regarding any opposition from Dudney, Vastera argues that Dudney waived all objections to the subpoena by failing to object within 14 days of service, and that he thus has no basis to refuse to produce the requested materials. In response, Dudney argues that the 14-day time limit in which to object does not apply to those objections that relate to information subject to a privilege or other prohibition on disclosure, citing *Vente v. Datronic Rental Corp.*, No. 92 C 3289, 1995 WL 42345, at *4 (N.D. Ill. Feb. 2, 1995). This argument regarding waiver of objections may be irrelevant in light of the fact that a party cannot waive certain discovery protections. *See Ludwig v. Pilkington North America, Inc.*, No. 03 C 1086, 2003 WL 22242224, at *3 (N.D. Ill. Sept. 29, 2002). More importantly, this discussion is irrelevant because considering Dudney's objections on the merits, I find that they are not valid.

Dudney first argues that the motion should be denied because a document discovery regarding a party's testifying expert must proceed against that party under Rule 26 and the appropriate provisions of Rule 34, not through the use of a subpoena *duces tecum* directed to the expert under Rule 45. He points out that subpoenas issued under Rule 45 may not be used to circumvent the limitations on expert discovery set forth in Rule 26, citing *Marsh v. Jackson*, 141

F.R.D. 431, 432 (W.D. Va. 1992). However, a subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness. Fed.R.Civ.P. 34(c) ("A person not a party to the action may be compelled to produce documents and things . . . as provided in Rule 45"); *All W. Pet Supply Co. v. Hill's Pet Prods. Div.*, 152 F.R.D. 634, 639 (D. Kan. 1993) ("With regard to nonparties such as plaintiff's expert witness, a request for documents may be made by subpoena *duces tecum* pursuant to Rule 45."); *Western Res.*, 2002 WL 1822428, at *3 (ordering expert to produce testimony pursuant to Rule 45 subpoena). Dudney's reliance on *Marsh* in support of the proposition regarding a blanket prohibition against serving document subpoenas on experts is misplaced. At most, *Marsh* criticizes the service of subpoenas on experts to obtain information pertaining directly to the party, but it does not prohibit the use of a subpoena "to uncover information about other cases" in which an expert has served. *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (denying motion to quash subpoenas directed to expert); *Quaile v. Carol Cable Co.*, Civ. A. No. 90-7415, 1992 W: 277981, at *2 (E.D. Pa. Oct. 5, 1992) (discussing *Marsh* and granting motion to compel discovery regarding expert's opinions pursuant to subpoena). Unlike the *Marsh* case, Vastera is not seeking to circumvent the normal discovery process by pursuing from Dudney information relating to Expeditors, the party in the underlying action. Rather, as in *Thomas*, Vastera is attempting to uncover information regarding Dudney's damages opinions in his prior trade secret and patent cases. Accordingly, Rule 26 does not prohibit the use of a subpoena in this situation.

Dudney also argues that the motion should be denied because the subpoena was improperly issued during a stay of discovery in the underlying action in Michigan. However, I

find no legal support for the argument that an expired stay in discovery requires the denial of a motion to compel compliance with a subpoena issued during the stay. *See In re Air Crash Disaster*, 130 F.R.D. 627, 630 (E.D. Mich. 1989). In addition, even if there was a stay at some point, it is undisputed that there presently is no stay in the underlying action and thus no prohibition against Vastera seeking this discovery from Dudney at this time.

Dudney further argues that the propriety of the discovery requests should be decided by the Michigan Court. In *Kearney v. Jandernoa*, 172 F.R.D. 381 (N.D. Ill. 1997), this Court faced a scenario that is nearly identical to the one presented here. However, as the Court in *Kearney* recognized, a motion dealing with a subpoena "must be filed and decided in the court from which the subpoena issued," so the approach in *Kearney* – namely deferring to the decision of the Michigan Court – cannot be used here. *Id.* at 383 n. 4.

Finally, Dudney argues that the motion to compel should be denied because protective orders in his other engagements preclude him from complying with the subpoena. As a general rule, however, protective orders should not be used as shields to resist the production of relevant information even when the information is considered to be confidential. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 859-60 (7th Cir. 1994). There is a strong presumption that pretrial discovery must take place in public, and it is Dudney's burden to prove with specific evidence that his prior reports and testimony should be afforded some protection. *Id., see also Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341-42 (N.D. Ill. 1998) (noting that protective orders are designed to encourage apprehensive litigants to produce responsive materials and should not be used as an excuse to avoid discovery). Dudney's conclusory and unsupported assertions are insufficient for me to exempt prior reports and testimony from discovery, but even if I find that

7

some confidentiality protection is warranted, this cannot serve as a proper basis to deprive Vastera of this discovery. *See Western Res.*, 2002 WL 1822428, at *3 (rejecting expert's protective order argument and ordering expert to produce prior testimony).

In the end, I see no reason to deny the instant motion. Accordingly, Dudney is hereby ordered to produce without further delay all materials responsive to Requests Nos. 6 and 7 in Vastera's subpoena.

Motion for Sanctions

Rule 37(a)(4) "presumptively requires" every loser to pay the attorneys' fees and costs that the prevailing party incurred in connection with a motion to compel. *Rickels v. City of South Bend*, 33 F.3d 785, 786-87 (7th Cir. 1994). In this case, by requiring a motion to compel in order to obtain materials that he should have produced voluntarily, Dudney engaged in sanctionable conduct under Rule 37(a)(4). *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F.Supp.2d 951, 960 (N.D. Ill. 1999). In addition to having no valid objection to complying with the subpoena, Dudney has failed to make timely objections to the requests, failed to timely seek a protective order if one was needed, ignored the response date of the subpoena, and still has not produced the materials requested. Accordingly, I find that it is entirely appropriate to order Dudney to reimburse Vastera for its fees and costs. *See Sparks Tune-Up Ctrs., Inc. v. Strong*, No. 92 C 5902, 1994 WL 87458, at *3 (N.D. Ill. March 16, 1994) (granting motion for sanctions where party should have lodged objections or sought a protective order, but instead let deadlines pass). Vastera is instructed to submit a bill of costs detailing the fees and costs incurred in connection with this motion, to which Dudney will have an opportunity to respond.

For the reasons above, Vastera's Motion to Enforce Subpoena *Duces Tecum* against Louis G. Dudney and for Sanctions is GRANTED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 20 July 2004